# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

Melissa Louise Phillips,
      Plaintiff,

v.

The Honorable William H. Layden, Jr., individually and in his official capacity as Special Judge of the District Court of Pittsburg County, Oklahoma;

Joel Kerns, individually and in his official capacity as Sheriff of Pittsburg County; and

Richard Bedford, individually and in his official capacity as Undersheriff of Pittsburg County,

      Defendants.

Case No. CIV-11-088-RAW
(Related Case No. CIV-11-089-RAW)

## **ORDER**

Before the court is Plaintiff's Complaint and motion for leave to proceed *in forma pauperis* (hereinafter "IFP") [Docket No. 3]. The court hereby GRANTS Plaintiff's motion for IFP. As Plaintiff has brought her action *pro se*, the court construes her pleadings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, the court may not assume the role of advocate or attorney for her. Id. The court's broad reading of Plaintiff's Complaint, does not relieve her of "the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

This court may *sua sponte* dismiss an action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 238-39 (10th Cir. 2007) (quoting Jones v. Bock, 549

U.S. 199, 127 S.Ct. 910, 920 (2007)). The Tenth Circuit has also held "that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts. Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) (citation omitted).

In her Complaint, Plaintiff states that her "complaint serves as removal of state cases civil action case No. PO-20 11-30, [sic] and 31, [sic] 32 of Pittsburg County District Court, in McAlester, OK." In the "Statement of Claim" portion of her Complaint, Plaintiff describes the ongoing issues that brought about those state cases. The underlying state claims involve, *inter alia*, a property line dispute, various protective orders, and alleged harassment, vandalism and threats from her neighbors. Amongst other things, Plaintiff claims her neighbors have continuously interfered with her access to electricity.

In her "Prayer for Relief," Plaintiff requests "removal of said civil claims . . . to this court to be handled by special magistrate judge and the requested temporary restraining order to be granted immediately . . . ." She also requests, *inter alia*, that this court declare that the deprivation of full access to electrical outlets violates federal laws and Plaintiff's federal rights.

Plaintiff does not name her neighbors as Defendants in this action. Instead, she names a judge, a sheriff, and an undersheriff. Nevertheless, the Complaint makes clear that she is attempting to "remove" her state cases to this court. She wishes this court to take over where she believes the county court and officers are failing her. She requests that this court grant her the relief she is seeking in the underlying state claims.

The removal statute, 28 U.S.C. § 1441, does not provide for removal by plaintiffs. Plaintiff is the plaintiff in the underlying state cases. Moreover, the issues in the underlying cases are state

law, not federal, issues. A property line dispute is inherently a state law issue. Additionally, the court notes that the Honorable William H. Layden, Jr. is entitled to judicial immunity, and thus, the case against him would have been automatically dismissed in any event.* Allowing Plaintiff to amend her Complaint would be futile.

Accordingly, this action is hereby DISMISSED. Plaintiff need not pay the filing fees for this action, as the court GRANTS her IFP motion [Docket No. 3]. The court deems the remaining motions [Docket Nos. 4, 5 and 6] MOOT.

IT IS SO ORDERED this 25th day of March, 2011.


**Dated this 25th day of March, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

* The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002). "This doctrine is grounded in 'a general principle of the highest importance to the proper administration of justice[: i.e.,] that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 355 (1978)).