IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Melissa Louise Phillips,<br>　　　Plaintiff,<br><br>v.<br><br>Joel Kerns, individually and in his official capacity as Sheriff of Pittsburg County; and<br><br>Richard Bedford, individually and in his official capacity as Undersheriff of Pittsburg County,<br><br>　　　Defendants. | Case No. CIV-11-088-RAW<br>(Related Case No. CIV-11-089-RAW) |

## ORDER

Before the court is Plaintiff's brief titled, "motion to show cause" [Docket No. 18]. While Plaintiff lists constitutional amendments and federal statutes in her Complaint, Plaintiff does not clearly state any federal claims. On November 8, 2011, the court entered an Order directing Plaintiff to show cause by November 22, 2011 as to why the federal claims in her Complaint should not be dismissed for failure to state a claim upon which relief can be granted.[1]

The court begins by noting that Plaintiff's brief is not formatted in accordance with this court's local rules and is at least somewhat difficult to understand. It is single-spaced. Plaintiff uses several different font sizes, often changing the size mid-sentence. Some of the font is much smaller than the required 12 pitch font, almost requiring the use of a magnifying glass. Plaintiff's use of punctuation is sporadic, and several portions of her brief are unintelligible. Nevertheless,

---

[1]The court previously dismissed the state law claims she was attempting to remove and the claims against the state district court judge. Those dismissals were affirmed on appeal. All that remains to be determined is whether she has stated federal claims against the sheriff and undersheriff.

as Plaintiff is *pro se*, the court overlooks her lack of compliance with the local rules in this instance, liberally construes her pleadings, and does its best to decipher her brief.

Plaintiff spends much of her brief, especially the first three pages, making arguments regarding her case against the state district court judge. The judge did not act in the clear absence of all jurisdiction.[2] The case against him has already been dismissed. The dismissal has been affirmed on appeal. Accordingly, to the extent Plaintiff's brief pertains to the judge, it is overruled.

BACKGROUND

As for the remainder of Plaintiff's brief, the court summarizes the facts alleged. Plaintiff alleges that she obtained a temporary protective order against her neighbors, pending a full protective order hearing. She alleges further that after she obtained the temporary protective order, her neighbors retaliated against her by maliciously shooting weapons to annoy her, screaming hateful remarks to her, and threatening to take her land or erect a fence to cut her off from her electrical outlet utility easement area.

After the protective order hearing, Plaintiff did not receive a protective order. Plaintiff alleges that the sheriff's department lied to her by saying that she could have a copy of a police report, but then refused to give it to her. She further alleges that the sheriff's department lied to her by saying that the deputy would be at the protective order hearing, but then he did not appear and refused to appear for future hearings.

---

[2]"Except where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts." Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).

Plaintiff alleges that she requested assistance from the sheriff's department to stop her neighbors from harassing her and erecting a fence to keep her from accessing her electrical outlets. She alleges that instead of helping her, the sheriff's department did not stop the harassment and allowed the fence to be erected, cutting her off from her electrical outlets. She alleges the sheriff's department then told her that she could not go over the fence to access her electrical outlets. She also informs the court that she has a medical condition that requires her to have access to electricity.

Plaintiff argues that the sheriff and undersheriff allowed another to interfere with her electrical utility and hindered her ability to get a protective order. Plaintiff states on page two:

> The acts of refusing to stop criminal acts is what this complaint is mostly about. The[se] defendants [are] listed for that reason. Never did plaintiff list her neighbor as a party. Plaintiff is more concerned about not what some angry hostile neighbor is doing and why, but **what [law enforcement officers do] with their authority [to affect] her constitutional rights she laments in this case**.

Plaintiff's brief, p. 2 (emphasis in original).

Peppered throughout her brief are references to 28 U.S.C. § 1441[3], 42 U.S.C. §§ 1985[4] and 1986, "constitutional rights," "federal issues of constitutional amendment," "due process," "equal protection," and "ADA title 2." Nevertheless, while the court construes Plaintiff's *pro se* pleadings liberally[5], assumes the truth of her well-pleaded factual allegations and views them in

---

[3]Section 1441 is the removal statute, does not provide a cause of action, and is not applicable to Plaintiff's federal claims, as the court liberally construes her Complaint.

[4]As Plaintiff repeatedly alleges that she has been deprived of her rights, including equal protection, she clearly intends to assert a claim pursuant to section 1985(3). Assuming the truth of Plaintiff's factual allegations and viewing them in the light most favorable to her, nothing contained in them would support a claim pursuant to section 1985(1) or (2).

[5]See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

the light most favorable to her[6], she has not stated any federal claims upon which relief can be granted. All of these references are included within conclusory statements. Plaintiff does not allege facts that would support any federal claims.

ANALYSIS

As this court has previously noted, it may *sua sponte* dismiss an action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 238-39 (10th Cir. 2007) (quoting Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)). Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). As the Tenth Circuit has explained, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, 493 F.3d at 1177 (emphasis in original).

To state a claim for a violation under Title II of the ADA, a plaintiff must allege facts showing: "(1) that she is a qualified individual with a disability; (2) that she was excluded from the benefits or services of a public entity; and (3) that her exclusion was by reason of her disability." Meyers v. Colorado Dept. of Human Servs., 62 Fed.Appx. 831, 832 (10th Cir. 2003 (citation omitted). Plaintiff states that she has a medical condition; thus, the court will assume for purposes of this Order that she is a qualified individual with a disability. Nevertheless, Plaintiff has not alleged any facts that would tend to show that she was excluded from the benefits or services of a public entity because of a disability. She has not stated a claim for a

---

[6]See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

violation under Title II of the ADA.

To state a claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege facts showing: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "A civil conspiracy requires the combination of two or more persons acting in concert." Abercrombie v. City of Catoosa, Okla., 896 F.2d. 1228, 1230 (10th Cir. 1990). Section 1985(3) "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Tilton, 6 F.3d at 686 (citing Griffin, 403 U.S. at 101-102).

Plaintiff has not alleged facts sufficient to support a finding of a conspiracy. Moreover, Plaintiff has not alleged facts that would evidence a conspiracy motivated by any discriminatory animus. Furthermore, a violation of section 1985 is a prerequisite for a claim under section 1986. Abercrombie, 896 F.2d. at 1230 (10th Cir. 1990). Plaintiff has not stated a claim for a violation of section 1985 or 1986.

Plaintiff argues that Defendants violated her due process and equal protection rights by not appearing in court at her protective order hearing and by failing to give her a copy of the police report to use at the hearing.[7] In her Complaint, Plaintiff requests a temporary restraining order "to stop protective order violator from blocking access to outlets." In her brief, under "relief requested," she requests "[a] claim of which relief can be granted and plaintiff has said in

---

[7]In 42 U.S.C. § 1983, Congress created a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

her complaint can be (sic)."

"The Rooker-Feldman doctrine bars a federal court from exercising jurisdiction over a case where the court is being asked, in essence, to review a state court judgment." Ely v. Hill, 35 Fed.Appx. 761, 763 (10th Cir. 2002) (citation omitted). "A party who loses 'in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Id. (citation omitted). "The Rooker-Feldman doctrine also prohibits a federal district court from issuing 'any declaratory relief that is inextricably intertwined with the state court judgment." Id. (citation omitted).

Plaintiff is essentially requesting this court to review the state court's decision not to enter a protective order against her neighbors. She argues that the failure of the Defendants to appear at the hearing and the failure of the Defendants to provide her with a copy of a police report violated her constitutional rights. As in Ely, her challenge to the constitutionality of these actions "is inextricably intertwined with the merits of the state case, and should have been raised in the state proceeding." Id. This court does not have jurisdiction to hear these claims. Furthermore, even if the court had jurisdiction, it has reviewed her Complaint and her brief, and it is clear that she has failed to state a claim for violation of her procedural or substantive due process rights, her equal protection rights, or any other constitutional rights.

Plaintiff has not stated any federal claims upon which relief may be granted. Allowing Plaintiff to amend her Complaint would be futile. Accordingly, this action is DISMISSED. Plaintiff's "motion to show cause" [Docket No. 18] is denied.

IT IS SO ORDERED this 7th day of December, 2011.

**Dated this 7th day of December, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma